IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 JUN 23 AM 8:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES OF AMERICA,     )
                              )
VS.                           )    CR95-H-129-S
                              )    CV99-H-8024-S
                              )
LIDA KATE MEANS.

ENTERED
JUN 23 1999

## MEMORANDUM OF DECISION

On May 11, 1995 a grand jury returned a comprehensive indictment (superceded July 13, 1995) against defendant and 23 co-defendants. The indictment contained 133 counts, including charges under 21 U.S.C. §§ 848, 846, 841, 843, 856, 859, 860 and 861, as well as charges under 28 U.S.C. §§ 924(c) and 1956(a). Defendant Lida Kate Means was named as a defendant in 44 of the 133 counts, including the charge of operating a continuing criminal enterprise under § 848 and a conspiracy under § 846 over a seven-year period to possess with intent to distribute and to distribute a variety of controlled substances, including crack cocaine and cocaine hydrochloride. A large number of the defendants entered pleas of guilty to charges in the indictment, and a number of the defendants proceeded to trial on January 22, 1996. Prior to the trial, the charges against defendant Lida Kate Means were severed for medical reasons. All defendants who went to trial, except one, were found guilty of one or more of the charged offenses following a two-month trial.[1]

---

[1] The verdicts of guilty as to all such defendants were affirmed August 7, 1998 (in an unpublished opinion of the Eleventh Circuit, docket number 96-6572, styled United States v. Willie Clay Means, et al.)

On November 22, 1996 defendant Lida Kate Means was found competent to stand trial, which was scheduled to begin January 6, 1997. On January 6, 1997, pursuant to a written plea agreement, defendant entered a plea of guilty to the charges in Counts 2 and 128. The plea agreement provided for the dismissal of the charges against defendant in the other 42 counts, a motion by the government for a downward departure and a recommendation by the government that defendant not receive a custodial sentence greater than 120 months. On February 28, 1997 the court granted a motion for downward departure and imposed a custodial sentence of 100 months.[2] On March 10, 1997 defendant filed a notice of appeal of her conviction and sentence. In an unpublished opinion filed December 7, 1998 in Docket Number 97-6211, the Eleventh Circuit affirmed.

Count 2 of the indictment to which defendant entered a plea of guilty charges her and 23 other persons (including her mother, three brothers, a sister, three nephews and one niece) with conspiracy to possess with intent to distribute and to distribute from January 1, 1988 to about May 25, 1995 cocaine base, cocaine hydrochloride, and other controlled substances. At the time of her plea of guilty to that charge on January 6, 1997, Lida Kate Means acknowledged under oath that she was involved in the conspiracy from its beginning until its end and that the cocaine

---

[2] The custodial guide range was 292 to 365 months, and because of a prior felony drug conviction identified in an information filed under 21 U.S.C. § 851 and confirmed by defendant at time of sentencing, the statutory minimum sentence of 240 months applied.

base which was distributed was furnished from the "Means" residence at 1605 36th Avenue North in Birmingham, which was also the residence of Lida Kate Means. She further acknowledged that the members of the conspiracy operated three crack houses selling on a daily basis between 110 and 165 bags of crack cocaine. She also acknowledged that on occasion she was present at one of the crack houses and that family members also distributed the crack cocaine at the crack houses. She acknowledged that during execution of a search warrant on January 22, 1993 at her residence at 1605 36th Avenue North, crack cocaine was found in her home, including her bedroom, and in a concrete block behind the house. The total crack cocaine recovered was 56 grams in addition to 171.4 grams of cocaine hydrochloride. A second search of defendants residence on September 19, 1994 produced from a hiding place across the street 212.3 grams of crack cocaine and 660.6 grams of cocaine hydrochloride. Defendant also acknowledged that the conspiracy continued until May of 1995 when a third search of her residence took place. At the time of the acceptance of the plea of guilty the court found defendant accountable for purposes of sentencing for at least 268 grams of crack cocaine and 832 grams of cocaine hydrochloride.

    Defendant came on for sentencing on February 28, 1997. The presentence report prepared for such sentencing expressly pointed out that defendant Lida Kate Means was a leader, organizer and manager of the Count 2 conspiracy which began in 1988 and ended in May of 1995, that she operated crack houses in Birmingham and

3

that she had other people deliver drugs for her and drove her when she delivered drugs. The presentence report contained a general outline of the scope of the conspiracy and the involvement of her relatives and other persons in furtherance of the conspiracy. At the time of the sentencing, counsel for defendant expressly acknowledged to the court that defendant did not dispute the factual presentation in the presentence report and had no objections to the presentence report. The presentence report determined the base offense level as Level 34 based upon the court's attribution to defendant at the time of acceptance of the plea of guilty of 268 grams of crack cocaine and 832 grams of cocaine hydrochloride for purposes of sentencing. The presentence report correctly calculated the defendant's total offense level as Level 39 and her criminal history category as II, resulting in a custodial guideline range of 292 to 365 months. Consistent with the plea agreement the government moved for a departure downward and recommended a sentence no greater than 120 months. The court granted the motion for departure, departed below the 292 to 365 month guideline range, departed below the 240 statutory minimum sentence and imposed a custodial sentence of 100 months. As noted earlier, her conviction and sentence were affirmed. The March 5, 1999 mandate was filed with this court March 8, 1999.

It is against this background that the court considers the May 17, 1999 petition by defendant under 28 U.S.C. § 2255. The

petition seeks relief from the conviction and sentence on four separate grounds.

As Ground One defendant asserts there was insufficient evidence to establish that the controlled substance was prepared with sodium bicarbonate. This ground is wholly frivolous.[3] Ground One also asserts that there was a total lack of evidence that the controlled substance involved in the conspiracy was in fact cocaine base. The government's proffer of the facts which would be presented at trial clearly pointed out that crack cocaine was being furnished by defendant and her relatives from the residence of defendant at 1605 36th Avenue North to three crack houses and sold from those crack houses on a daily basis for a period of over two years. The factual proffer included the searches conducted at defendant's residence on January 22, 1993 and March 19, 1994 during which search a total of 268.3 grams of crack cocaine and 832 grams of cocaine hydrochloride were found at defendant's residence, some of which being in her bedroom. During the taking of her plea of guilty, defendant acknowledged that such proffer was substantially correct from a factual standpoint. The requisite factual basis existed to support the charge in Count 2 that the controlled substance, the distribution of which was the object of the conspiracy, was in fact crack cocaine and cocaine hydrochloride.

---

[3] The Eleventh Circuit, in an unpublished decision without a reported opinion, reversed in part and vacated in part the case upon which defendant relied, U.S. v. Culpepper, 916 F. Supp. 1257 (N.D. Ga. 1995). See U. S. v. Culpepper, 116 F. 3d 1493 (11th Cir. 1997) (Table, No. 96-8053).

As Ground Two defendant challenges the court's finding at the time that the plea of guilty was accepted (and the court's predicating the sentence on such finding) that 268 grams of crack cocaine and 832 grams of cocaine hydrochloride should be attributable to defendant for purposes of sentencing. These quantities were precisely the quantities recovered from her home during the execution of two search warrants. Based on the proffer of evidence the court could have attributed to defendant a much, much greater quantity in view of the duration of the conspiracy (over two years) and the quantity of crack cocaine <u>daily</u> sold at three separate crack houses operated by defendant and the other members of the conspiracy. The proffer of evidence (acknowledged by defendant to be factually correct at the time of her plea) stated that between 110 and 165 bags of crack cocaine were sold <u>each day</u> during the conspiracy from the crack houses. The factual basis to support the court's attribution at the time of the plea of guilty and at the time of sentencing was more than sufficient.

As Ground Three defendant challenges the calculation of the total offense level in the presentence report. There is no merit to this ground. The conversion of the amount of crack cocaine and cocaine hydrochloride attributed to defendant to an equivalent amount of marijuana becomes approximately 5,526 kilograms of marijuana which is well within the "at least 3,000 KG but less than 10,000 KG of marijuana" for a base offense level of 34. See guideline § 2D1.1. At the time of sentencing, the

6

defendant through counsel acknowledged as factually correct the statement in paragraph 18 of the presentence report that she was a leader, organizer and manager of the family drug business. The proffer of evidence at the time of the entry of the plea of guilty fully supports that statement. An increase of four levels was appropriate under Guideline Section 3B1.1(a). The presentence report factually supported and properly added a two-level increase under Guideline Section 2D1.1(b)(1)[4] and a two-level increase under Guideline Section 3C1.1.[5] Allowing defendant a three-level reduction for acceptance of responsibility, the total offense level in the presentence report, as found by the court and as unchallenged by defendant at the time of sentencing, was 39. The argument in ground Three that the court incorrectly concluded that defendant's conspiracy offense created a minimum sentence of not less than ten years[6] is also without merit. Defendant seems to be arguing, though incorrectly, that for a ten-year minimum sentence to apply there must have been a conspiracy to distribute or possess with intent to distribute on a single occasion 50 grams of crack cocaine or more. But even if defendant were correct in her view, she would properly be convicted of conspiring to possess with intent to

---

[4] See paragraph 104 of the presentence report.

[5] See paragraph 100 of the presentence report

[6] As noted in footnote 2, supra, the government identified a prior felony drug conviction in an information filed pursuant to 21 U.S.C. § 851. Consequently the twenty-year minimum sentence applied. But defendant's argument is without merit, whether the minimum sentence were ten years or twenty years.

7

distribute the 56 grams of crack cocaine found in her home January 22, 1993 and the 216 grams of crack cocaine found during the execution of a search warrant at her home September 19, 1994.

As Ground Four defendant asserts she received ineffective assistance of counsel largely predicated upon counsel's failure to raise and successfully pursue the several matters earlier discussed herein as to which defendant mistakenly believes resulted in prejudice to her at sentencing. It would be difficult to imagine a more <u>effective</u> representation, given the cards that defendant dealt to her attorney. With a prior felony drug conviction she and many family members operated a crack cocaine business for over two years, daily selling from three crack houses a minimum of 110 bags of crack cocaine. The operation was conducted and managed out of defendant's home. Two search warrants resulted in large quantities of cocaine base and cocaine hydrochloride, plus weapons, from the home. Defendant was a leader, organizer and manager of the family drug business. Defendant's attorney negotiated a plea which resulted in the dismissal of 42 counts;[7] a disregard of a prior felony conviction which would have doubled the minimum sentence from 120 months to 240 months; a motion by the government to depart from the basic

---

[7] Including 17 counts under 21 U.S.C. § 856 (maintaining a place for distributing a controlled substance); 6 counts under 21 U.S.C. § 859 (distributing a controlled substance to a person under age 21); 2 counts under 21 U.S.C. § 860 (distribution of a controlled substance within 1,000 feet of a school or playground); 2 counts under 21 U.S.C. § 861 (using a person under age 18 to distribute a controlled substance); and 2 counts under 18 U.S.C. § 924(c)(using or carrying a firearm).

statutory minimum sentence of 120 months; a recommendation by the government of a sentence of not more than 120 months; and an actual sentence of 100 months[8] notwithstanding the custodial guideline range of 292 to 365 months. Ground Four is without merit.

An appropriate final order denying the May 17, 1999 petition filed under 28 U.S.C. § 2255 will be entered.

DONE this 23rd day of June, 1999.

James N. Hancock
SENIOR UNITED STATES DISTRICT JUDGE

---

[8] Defendant received a credit on the 100 month sentence of over 22 months for custody served before February 28, 1997, the date the sentence was imposed.